**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**

DAVID SALEWSKE,

        *Plaintiff*,

v.

SPECIALIZED LOAN SERVICING LLC,

        *Defendant*.

_____/

CASE NO:  14-10893

DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE PATRICIA T. MORRIS

**ORDER REQUIRING RULE 26(f) MEETING
AND SETTING DATE FOR INITIAL RULE 16 CONFERENCE**

This order is entered under the authority given to this magistrate judge in an Order of Reference issued by U.S. District Judge Thomas L. Ludington pursuant to 28 U.S.C. § 636(b)(1)(A).

The Court issues this preliminary order to require Plaintiff's counsel to organize the parties and prepare to assist the Court in the speedy issuance of a scheduling order that comports with Rule 16 of the Federal Rules of Civil Procedure.  The Court will conduct an initial pretrial conference by telephone on **Tuesday, June 17, 2014, at 9:00 a.m.**  Plaintiff's counsel is responsible for setting up the conference call.

This preliminary order is not to be construed as the Court having made a determination on any issues involving jurisdiction or venue. In the event that any such order is issued, the parties are expected to continue to comply with the mandates of this order unless directed otherwise by the Court.

**IT IS ORDERED** that Plaintiff's counsel shall conduct a meeting in person or by telephone with opposing counsel no later than **May 30, 2014**, to discuss the case pursuant to Rule 26(f) of the Federal Rules of Civil Procedure. Counsel of record must cooperate and consult in good faith.[1]

---

[1] If a Rule 12 motion is filed in lieu of, or concurrent with, the answer, all deadlines listed in this order that relate to Rule 26 are suspended. The parties are instructed to turn their attention to the Rule 12 motion. The court will normally resolve any motion to dismiss before issuing a scheduling order.

**IT IS FURTHER ORDERED** that Plaintiff's counsel shall file their jointly written Rule 26(f) plan and status report no later than **June 16, 2014**. The plan must reflect the combined product of counsel's discussion and conform to E. D. Mich. LR 5.1(a). The plan must include each matter specified under Rule 26(f) (1) - (4), as well as answers to the following questions, as applicable:

1. Will the issues of the litigation be narrowed?
2. Are amendments to any pleadings necessary?
3. Will either party be seeking to join any additional parties?
4. Will the parties agree to case evaluation, and stipulate to be bound by Michigan Court Rule 2.403, including sanctions?
5. Would a settlement conference, or some other form of alternative dispute resolution, be beneficial at this time or in the near future?

If any attorney believes that the case requires a telephone or in-person conference at any time, a request for such a conference should be directed to the Case Manager.

In the interest of narrowing the issues, counsel are **ORDERED** to carefully review all claims, all named parties, and all affirmative defenses, and are urged to withdraw, without prejudice, any that are not presently sustainable under Rule 11 in view of evidence in hand.[2]

Date: May 14, 2014                              /S PATRICIA T. MORRIS
                                                Patricia T. Morris
                                                United States Magistrate Judge

---

[2]The Court seeks to streamline cases and narrow issues. Pursuant to Rule 16, "the court may consider and take appropriate action" on matters such as "formulating and simplifying the issues, ***and eliminating frivolous claims or defenses***." Fed. R. Civ. P. 16(c)(2)(A)(emphasis added).

As to affirmative defenses, *see Phelps v. McClellan*, 30 F.3d 658 (6th Cir. 1994): "Generally, a failure to plead an affirmative defense . . . results in the waiver of that defense and its exclusion from the case. However, as a practical matter there are numerous exceptions to this broad rule, the most significant . . . being the rule allowing amendments to the answer . . . . Simply put, Rule 15(a) allows a party to amend his pleading to assert an omitted affirmative defense . . . ." *Id.* at 663 (internal citations omitted).

It is this Court's practice to grant leave to amend "freely when justice so requires" under Rule 15(a)(2) to a diligent party who only later acquires facts needed to state a claim or defense properly under Rule 11. Accordingly, the Court expects rapid action on defenses where possible.

2

## **CERTIFICATION**

      I hereby certify that this Order was electronically filed this date, and electronically served on counsel of record through the Court's CM/ECF system.

Date:  May 14, 2014  By  *s/Jean L. Broucek*
                                                  Case Manager to Magistrate Judge Morris